IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAYNA KAY CARTER                                                                    PLAINTIFF

vs.                                   Civil No. 6:10-cv-06099

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Dayna Kay Carter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for DIB and SSI on August 11, 2008.  (Tr. 104-114).  Plaintiff alleged she was disabled due to an aneurism and degenerative side effects, two titanium clips in her head, severe fatigue, and depression.  (Tr. 149).  Plaintiff alleged an onset date of February 1, 1998.

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 149). Plaintiff subsequently amended her onset date to January 1, 2004. (Tr. 124). Plaintiff's applications were denied initially and were denied at the reconsideration level. (Tr. 62-66, 69-70).

On May 11, 2009, Plaintiff requested an administrative hearing on her applications. (Tr. 71-72). This hearing was held on September 10, 2009 in Hot Springs, Arkansas. (Tr. 25-61). Plaintiff was present and was represented by counsel, Sherri McDonough , at this hearing. *See id.* Plaintiff and Vocational Expert Elizabeth Clem ("VE") testified at this hearing. *See id*. On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had a BA degree in Journalism and Associates Degree in Art. (Tr. 31-32).

On November 12, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 14-20). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 30, 2004. (Tr. 19, Finding 3). The ALJ determined Plaintiff had the severe impairments of residual dysfunction from a brain aneurysm. (Tr. 19, Finding 4). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-18). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 17). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained

the RFC for a wide range of light work where interpersonal contact is incidental to the work performed, tasks are learned and performed by rote with few variables and little judgment required, and the supervision is simple and direct. (Tr. 19, Finding 7).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 18-19, Findings 8, 11). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW. (Tr. 19, Finding 8). The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 11). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to questions from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a cashier with 31,000 such jobs in Arkansas and 3,500,000 in the national economy and as a machine operator with 625 such jobs in Arkansas and 45,261 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision. (Tr. 20, Finding 12).

On December 28, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-10). *See* 20 C.F.R. § 404.968. On November 1, 2010, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-5). On December 21, 2010, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on January 3, 2011. ECF No. 3. Both parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

     It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

     To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 13-19. Specifically, Plaintiff claims the ALJ erred (1) in determining her RFC, (2) in evaluating her subjective complaints, and (3) improperly evaluated the opinions of Plaintiff's treating physicians. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ improperly evaluated the opinions of Plaintiff's treating physician, this Court will only address this issue Plaintiff raised.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence

5

in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for a wide range of light work where interpersonal contact is incidental to the work performed, tasks are learned and performed by rote with few variables and little judgment required, and the supervision is simple and direct.  (Tr. 19, Finding 7).  Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of her treating physician, Dr. Paul Tucker. ECF No. 8, Pg. 16-19.  Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.  ECF No. 9, Pgs, 14-17.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. §

404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On June 6, 2005, Plaintiff went to Dr. Paul Tucker for a neurologic examination and to establish a treating relationship. (Tr. 259). Dr. Tucker noted Plaintiff had an aneurysm which had ruptured, and she had clipping of the aneurysm behind the right eye. *Id.* In 1997, Plaintiff had right frontotemporal craniotomy for clip ligation to correct her aneurysm. (Tr. 214-232). Dr. Tucker noted Plaintiff had mild generalized fatigue and mild occasional diplopia, with no transient loss of vision. (Tr. 259). Plaintiff also had a history of migraine headaches. (Tr. 259).

Plaintiff was also seen by Dr. Tucker on August 6, 2008. (Tr. 256). Plaintiff indicated she had fatigue and depression. *Id.* Dr. Tucker indicated Plaintiff can look straight ahead, but if she looks in any direction, she has diplopia, as in a third nerve palsy. *Id.* According to Dr. Tucker, it was difficult to say if Plaintiff could qualify for disability on this alone, however, it did seem to handicap her. *Id.*

Also, on August 6, 2008, Dr. Tucker completed a Brain Aneurysm/Stroke RFC Questionnaire. (Tr. 270-274). Dr. Tucker indicated Plaintiff had problems with balance, walking, vertigo/dizziness, headaches, confusion, and depression. (Tr. 270). Dr. Tucker was of the opinion Plaintiff's fatigue would frequently interfere with her attention and concentration. (Tr. 271).

According to Dr. Tucker, Plaintiff would also need to take unscheduled breaks every two hours during the work day. (Tr. 272). Dr. Tucker also found Plaintiff must avoid all exposure to extreme heat and cold, high humidity, and moderate exposure to fumes, dust, gases, solvents and cleaners. (Tr. 273). Finally, Dr. Tucker indicated Plaintiff would be absent about four days a month as a result of her impairments. (Tr. 274).

The ALJ acknowledged the Brain Aneurysm/Stroke RFC Questionnaire that Dr. Tucker completed. However, he discredited Dr. Tucker's opinion because it was not consistent with his treatment notes. (Tr. 18). Although the ALJ found this report inconsistent with the same days office note, this report provides additional detail than what is contained in a typical office note. Also, the previous office notes for treatment by Dr. Tucker were from 2005 and 2006 and any inconstancy in Plaintiff's condition could certainly be related to this lapse of time. Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence as required by SSR 96-2p in order to disregard a treating physician's opinion.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In this matter substantial evidence does not support the ALJ's decision of Plaintiff being not

disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Tucker.  Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Tucker.  This remand should also include verifying that a complete set of records from Dr. Tucker are included in the record and an attempt to clarify and explain the stated limitations found by Dr. Tucker.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of March, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.